UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-22328-FAM

BENJAMIN SAINTIL, an individual,

    Plaintiff;

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation, and
JONATHAN JOHNSON, an individual,
    Defendant.
_____/

## DEFENDANT PUBLIX SUPER MARKETS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Publix Super Markets, Inc., ("Publix") pursuant to Fed. R. Civ. P. 12 and 81, hereby files its Answer and Affirmative Defenses to Plaintiff, Bejamin Saintil's ("Plaintiff") Complaint.

### JURISDICTION

1. This is an action for damages, and other relief brought pursuant to The Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA"); and pursuant to Chapter 673 *et seq.* Florida Statutes (2013); and pursuant to §34.01(c) Florida Statutes (2013); and pursuant to Florida common law.

**ANSWER: Plaintiff's introduction and summary in Paragraph 1 regarding the nature of this lawsuit is not an allegation of fact to which a response is required. To the extent a response is required, Publix denies any and all liability and further denies that Plaintiff is entitled to any relief.**

2. This action is timely under 29 U.S.C. §255 and F.S. §95.11.

**ANSWER: Paragraph 2 of the Complaint constitutes a legal conclusion to which no response is required.**

3. This Court has jurisdiction pursuant to the provisions of said statutes, and the amount in

1

controversy falls within the jurisdictional amount exclusive of interest, costs, and attorney's fees. This Court has personal jurisdiction over both Defendants.

**ANSWER: Publix admits that this Court has jurisdiction under the Fair Labor Standards Act. Publix is without knowledge as to the amount in controversy. All other allegations are denied.**

4.      Plaintiff is covered under the FLSA through "individual coverage" as he engaged in interstate commerce, as defined by the FLSA, and worked in activities closely related and directly essential to the production of goods for interstate commerce. During his employment for Defendant Publix, Plaintiff routinely handled goods moving in interstate commerce.

**ANSWER:   Admitted.**

5.      Plaintiff also pleads on information and belief that he is covered under the FLSA though "enterprise coverage" as well. Defendant Publix has employees engaged in interstate commerce, and/or in the production of goods for interstate commerce, and/or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person as defined by the FLSA. Defendant runs a nationwide grocery chain that orders, purchases, and uses materials and other goods that have been moved in interstate commerce, as well as working with other companies that engage in interstate commerce. Plaintiff pleads on information and belief that Defendant's enterprise has an annual gross volume of sales made or business done in an amount more than $500,000.00.

**ANSWER: Publix admits that it is subject to the FLSA's enterprise coverage and its gross revenue exceeds the jurisdictional amount for such coverage. All other allegations are denied.**

6.      The statutory violation allegedly occurred in Miami-Dade County. Venue is proper as both Defendants conducted business in, and the claim accrued in, Miami-Dade County, Florida.

**ANSWER: Publix admits that it employed Plaintiff in Miami-Dade County but denies any statutory or other violation of law. Publix admits that venue is proper in Miami-Dade County. All other allegations are denied.**

## GENERAL ALLEGATIONS

7.     All conditions precedent necessary to the maintenance of this action have occurred, been waived, or rendered impossible of performance by Defendants, their agents or representatives. Pre-suit notice was provided to the Defendant of this claim.

**ANSWER: Publix is without sufficient information to either admit or deny whether Plaintiff has performed and/or satisfied all conditions precedent to filing this lawsuit.  All other allegations are denied.**

8.     Plaintiff did not consent to the Defendants' breaches of duty and other unlawful actions.

**ANSWER: Publix denies that it committed any breach of duty or any other unlawful actions.  Therefore, the allegations in Paragraph 8 are denied.**

9.     Defendant Jonathan Johnson ("Supervisor Johnson") was supervisor of Publix's hiring, safety, and substance abuse policy at Plaintiff's jobsite at all times material hereto.

**ANSWER:  Denied.**

10.    Wilton Rhodes ("Mr. Rhodes") was Plaintiff's warehouse department head at all times material hereto.

**ANSWER: Wilton Rhoden served as Plaintiff's Department Head at the time of the October 2013 workplace accident.  All other allegations are denied.**

11.    Plaintiff was employed from on or about July 2001 through November 21, 2013, by Defendant Publix.

**ANSWER: Plaintiff's separation from Publix occurred on or around November 21, 2013.  All other allegations are denied.**

12.    Plaintiff's duties while working Defendant Publix included warehouse forklift operation.

**ANSWER:  Admitted.**

13.    The Plaintiff was involved in an accident while driving his forklift on or about October 29, 2013.  The Plaintiff and the other employee involved in the accident reported the accident to management.  On the same day, the Plaintiff was subjected to an on-site oral swab drug test by

3

Defendant Johnson.

**ANSWER: Publix admits that Plaintiff was involved in a workplace accident while driving a forklift on or about October 29, 2013. Publix admits that the accident was reported to management and that Plaintiff was asked to take an on-site oral drug screen. All other allegations are denied.**

14. The Plaintiff reported to work as usual for the rest of the week.

**ANSWER: Publix admits that Plaintiff returned to work. All other allegations are denied.**

15. Per company policy, the Plaintiff was "retrained" on-site on or about the Monday immediately following the accident.

**ANSWER: Publix is currently without sufficient knowledge as to whether Plaintiff was retrained as alleged and is therefore denied.**

16. On or about the second day of Plaintiff's retraining Plaintiff was ordered by the Defendants to submit to two additional oral swab drug tests, without citing the results of the initial drug test. Plaintiff submitted to these demands. After this, Plaintiff completed his retraining.

**ANSWER: Two more attempts were made to collect sufficient specimen from Plaintiff to conduct a proper drug test. Plaintiff failed to provide enough specimen during these attempts. Publix is currently without sufficient knowledge to determine if or when Plaintiff was retrained. All other allegations are denied.**

17. Despite Plaintiff spending about a half-hour holding each of two drug screening swabs in his mouth, he was later told that the swabs did not have a large enough sample.

**ANSWER: Publix admits that Plaintiff was told that he did not provide a large enough sample. All other allegations are denied.**

18. About a week after the second round of drug tests, Defendants ordered Plaintiff to take yet another drug test, this time a urine test. Again, Plaintiff submitted to the demand.

**ANSWER: Publix admits that Plaintiff took a urinalysis. All other allegations are denied.**

4

19.   An assistant warehouse superintendant drove the Plaintiff to Publix's main office in Deerfield Beach for the drug test. Publix corporate representatives at the Deerfield Beach office refused to administer a drug test to Plaintiff due to lack of proper paperwork.

**ANSWER: Publix admits that Plaintiff was accompanied by a Publix Supervisor to the location where the urinalysis was performed. All other allegations are denied.**

20.   Thereafter, the Defendants took Plaintiff on a hunt for a private company that would administer a drug test to Plaintiff on the spot. After driving around for a while, Mr. Bray directed Plaintiff to a tanning salon as the drug test location. Plaintiff submitted to his fourth drug test at this point

**ANSWER: Publix admits that there was a tanning salon in or around the location where the urinalysis was conducted. All other allegations are denied.**

21.   Defendant's documentation of this drug test provided to the Plaintiff fails to identify the location of this tanning salon and test location.

**ANSWER: Denied.**

22.   Thereafter, Plaintiff returned to work.

**ANSWER: Upon information and belief, Plaintiff returned to work after taking the urinalysis and before the results was provided to Publix.**

23.   On or about November 21, 2013, Defendants discharged Plaintiff citing Plaintiff's alleged failure of a drug test.

**ANSWER: Publix admits that Plaintiff's separation from Publix occurred on or about November 21, 2013 after Plaintiff failed the urinalysis.**

24.   Defendants did not hesitate to take repeated drug screening of Plaintiff when the results came back negative, but Defendants took no confirmatory tests of Plaintiff's alleged positive result.

**ANSWER: Denied.**

5

25.     Plaintiff's full paid vacation for the year and Christmas bonus were to fully vest shortly after Plaintiffs termination.

**ANSWER: Denied.**

26.     After his discharge, Plaintiff was alerted by previous co-workers that his supervisors, and specifically Defendant Johnson, were discussing Plaintiff's termination and alleged drug test failure with Defendant employees.

**ANSWER: Publix is without knowledge as to what Plaintiff's co-workers discussed with him. All other allegations are denied.**

27.     To add further insult, despite working his regular schedule until discharge, Plaintiff's final paycheck was for only about a third of Plaintiff's wages owed and less than the minimum wage. Plaintiff did not receive his yearly bonus.

**ANSWER: Publix admits that Plaintiff did not receive a holiday bonus for 2013. All other allegations are denied.**

**COUNT I
FLSA VIOLATION
(PUBLIX)**

28.     Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 27 as if fully set forth below.

**ANSWER: Publix re-adpots its response to Paragraphs 1-27 of this Complaint. In response to the unnumbered heading preceding Paragraph No. 28, which states "Count I: FLSA Violation," Publix denies any allegations or implications made thereby, including any allegation that Publix acted improperly and/or illegally against Plaintiff**

29.     Plaintiff seeks payment of wages for unrecompensed work done for the benefit of his employer, the Defendant. Under the FLSA, employers must pay their employees a minimum wage.

**ANSWER: Publix admits that Plaintiff claims to be owed wages for work performed for Publix; however, Publix denies such allegations and further denies any and all**

liability. The remaining allegations constitute legal conclusions to which no response is required.

30. Plaintiff alleges that Defendant's failure to pay his minimum wage for his last weeks of work is a violation of the FLSA. Further, Defendant's violation of the FLSA was willful as Defendant knew or showed reckless disregard for whether their conduct was prohibited by the FLSA, especially considering Defendant's vast corporate compliance and legal departments.

**ANSWER: Publix denies that Plaintiff is entitled to any form of compensation from Publix and further denies any and all liability. All other allegations are denied.**

31. As a result of Defendant's FLSA violations, Plaintiff, has suffered damages by being denied minimum wages in accordance with § 206 of the ELSA.

**ANSWER: Publix denies violating the FLSA and further denies that Plaintiff has been damaged by Publix in any way.**

32. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**ANSWER: Denied.**

33. Because of Defendant's unlawful acts, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**ANSWER: Denied.**

      **WHEREFORE**, the Plaintiff, BENJAMIN SAINTIL, demands judgment from the Defendant in an amount to be determined at trial pursuant to the FLSA for unpaid wages, interest, costs, liquidated damages equal to the damages Plaintiff sustained as a result of the Defendant's willful failure to pay his minimum wages, attorney's fees, and any such other and further relief as this Court deems just and proper.

**ANSWER: Plaintiff's "Wherefore" clause and "Prayer for Relief" is not a factual allegation to which a response is required. To the extent that a response is required, Publix denies any and all liability and further denies that Plaintiff is entitled to any of the relief sought.**

<u>**COUNT II**</u>
**PROMISSORY ESTOPPEL**
**(PUBLIX)**

**ANSWER: Publix has filed a motion to dismiss Count II of the Complaint alleging a claim for Promissory Estoppel. As a result, Publix is not responding to allegations of Paragraphs 34 through 39 in this Answer and Affirmative Defenses.**

34. Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 27 as if fully set forth below.

35. Defendant represented the material fact to Plaintiff that Plaintiff was entitled to future paid vacation and holiday bonus benefits in exchange for Plaintiff's continuing employment.

36. Plaintiff reasonably relied upon Defendant's representations about Plaintiffs employment compensation.

37. Defendant later took a contrary position when it refused to pay Plaintiff his benefits, withholding said benefits under the pretense of discharging Plaintiff for a failed drug screening.

38. Plaintiff changed position to his detriment caused by Defendant's representation and Plaintiff's reliance thereon. Plaintiff did not seek alternate employment based upon Defendant's representation and Plaintiff's reliance thereon.

39. As a result of Defendant's aforementioned actions, Plaintiff was damaged by the loss of money and property in an amount to be determined at trial.

WHEREFORE, the Plaintiff, BENJAMIN SAINTIL, demands judgment from the Defendant for damages resulting from the Defendant's actions in an amount to be determined at trial, and for such other and further relief as this Court deems just and proper.

## COUNT III
## DEFAMATION
## (PUBLIX AND MR. JOHNSON)

**ANSWER: Publix has filed a motion to dismiss Count II of the Complaint alleging a claim for Defamation. As a result, Publix is not responding to allegations of Paragraphs 40 through 45 in this Answer and Affirmative Defenses.**

40. Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 27 as if fully set forth below.

41. The Defendants published a false statement about the Plaintiff to several third-parties.

42. Defendants by, through, as, and with the consent of its managers verbally stated to Defendant employees that Plaintiff had been discharged for failing a drug test and violating Defendant's substance policy, thereby directly accusing Plaintiff of having committed a crime.

43. Defendants' accusations of criminality on Plaintiff qualify as slander *per se*.

44. Defendants knew or were reckless as to the falsity of their statements about Plaintiff.

45. The falsity of the statements caused injury to Plaintiff. Plaintiff has suffered damages as a direct result of the falsity of Defendants' statement including but not limited to loss of employment, mental suffering, embarrassment, humiliation, and injury to reputation.

**WHEREFORE**, the Plaintiff, BENJAMIN SAINTIL, demands judgment from the Defendants for damages resulting from the Defendants' defamatory statements in an amount to be determined at trial, and for such other and further relief as this Court deems just and proper.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS REALTIONSHIP
## (DEFENDANT JOHNSON)

**ANSWER: Count IV for Tortious Interference With Business relationship is not asserted against Publix. Therefore, Publix need not respond to the allegations in Paragraphs 46 through 50.**

46.     Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 45 as if fully set forth below.

47.     Plaintiff has a business relationship with the Defendant Publix under which the Plaintiff had legal rights.

48.     Defendant Johnson knew of the business relationship.

49.     Defendant Johnson intentionally and unjustifiably interfered with that relationship by recklessly and improperly drug testing the Plaintiff and recklessly and improperly terminating the Plaintiff's employment.

50.     This resulted in damage to the Plaintiff as a result of the breach of the business relationship including but not limited to loss of employment, mental suffering, embarrassment, humiliation, and injury to reputation.

## **GENERAL DENIAL**

Publix denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted, and denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES AS TO COUNT I OF THE COMPLAINT**

1.      Plaintiff's claims are barred to the extent Publix's actions were taken in good faith reliance and conformity with established ruling, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. §§ 258-59.

2.      Plaintiff is not entitled to liquidated damages because any alleged acts or omissions by Publix were undertaken or made in good faith, and Publix had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

3. Even assuming *arguendo* that Plaintiff established his allegations for liquidated damages, he is not entitled to pre-judgment interest.

4. Plaintiff cannot establish a willful violation of the FLSA and cannot establish grounds warranting anything other than a two-year statute of limitations period.

Publix reserves the right to assert additional affirmative defenses as may appear applicable during the course of this litigation.

Respectfully submitted,

> STEARNS WEAVER MILLER WEISSLER
> ALHADEFF & SITTERSON, P.A.
> Museum Tower, Suite 2200
> 150 West Flagler Street
> Miami, Florida 33130
> Telephone: 305-789-3200
> Facsimile: 305-789-3395
> *Attorneys for Defendants*
>
> s/ Jorge Freddy Perera
> ROBERT TURK
> Florida Bar No.: 261343
> E-Mail: rturk@stearnsweaver.com
> JORGE FREDDY PERERA
> Fla. Bar No. 93625
> fperera@stearnsweaver.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on this 30th day of June, 2014, on all counsel or parties of record on the Service List below.

> s/ Jorge Freddy Perera
> Jorge Freddy Perera

11

**SERVICE LIST**

Benjamin Korn, Esq.
Fla Bar No: 79003
law@benjaminkorn.com
The Law Office of Benjamin Korn, P.L.L.C.
Attorney for Plaintiff
444 Brickell Ave., Suite 51-332
Miami, FL 33131
Telephone: 305-744-5076
Facsimile: 305-742-2779

#3586244 v3