UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-CV-22328-FAM

BENJAMIN SAINTIL,
an individual,

          Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation, and
JONATHAN JOHNSON,
an individual,

          Defendant.
_____/

## PLAINTIFF BENJAMIN SAINTIL'S INITIAL DISCLOSURES PURSUANT TO LOCAL RULE 16.1 AND FED. R. CIV. P. 26(a)(1)

Plaintiff, BENJAMIN SAINTIL (hereinafter referred to as "Plaintiff"), pursuant to Local Rule 16.1 and Federal Rule of Civil Procedure 26(a)(1), serves his initial disclosures of potential witnesses and exhibits on Defendant PUBLIX SUPER MARKETS, INC. (hereinafter referred to as "Defendant"):

1.     Pursuant to Rule 26(a)(1)(A)(i), the names and, if know, addresses and telephone numbers of individuals likely to have discoverable information that Plaintiff may use to support its claims, unless solely for impeachment, identifying the subjects of the information, are as follows:

        a. Benjamin Saintil, Plaintiff and forklift driver: c/o The Law Office of Benjamin Korn, PLLC; knowledge of the Plaintiff's forklift accident at issue and drug testing by the Defendants.

1

    b. Jonathan Johnson, Defendant and Publix administrator: 100 NE 183rd St., Miami, FL 33179; knowledge of Plaintiff's drug testing by Publix and statements made to other Publix employees regarding the results of Plaintiff's drug tests by Defendant Publix.

    c. All individuals named in the Defendant's Initial Disclosures of July 28, 2014.

2.   Pursuant to Rule 26(a)(1)(A)(ii), a description of all non-privileged and relevant documents, data compilations, and tangible things that are in the possession, custody, or control of the Plaintiff and that the Plaintiff may use to support its claims, unless solely for impeachment, are as follows:

    a. Select sections of Publix's Associate Handbook, including policy on vacation, holiday bonus, and substance abuse;

    b. Documents concerning drug test(s) administered to Plaintiff by the Defendant.

4.   Pursuant to Rule 26(a)(l)(A)(iii), Plaintiff states that his claim for defamation in the above-referenced action seeks general damages and therefore need not set forth any computation of damages. In addition, Defendant has in their possession documents, requested in Plaintiff's discovery, necessary for Plaintiff's computation of his claim for contractual or quasi-contractual damages, and such computations will be provided pending the Defendant's production of said documents.

5.   Pursuant to Rule 26(a)(1)(A)(iv), Plaintiff states that he does not have insurance coverage for the claims asserted in this action.

2

6.      Plaintiff reserves the right to supplement these Rule 26 disclosures as litigation in this matter proceeds and as additional information becomes available.

DATED: August 12, 2014

By: _____
Benjamin Korn, Florida Bar No. 79003
The Law Office of Benjamin Korn, P.L.L.C.
Attorney for Plaintiff
444 Brickell Ave., Ste. 51-332
Miami, FL 33131
Tel.: (305) 744-5076
Fax: (305) 742-2779
Email: law@benjaminkorn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by First Class U.S. mail and electronic mail this 12th day of August, 2014, on all counsel or parties of record on the Service List below.

By: _____
Benjamin Korn/ Florida Bar No.: 79003

## SERVICE LIST

Robert Turk
FL Bar No.: 261343
rturk@stearnsweaver.com
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Attorney for Defendant
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
Fax: 305-789-3395